# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle, Sr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 5498 | **DATE** | 12-1-06 |
| **CASE TITLE** | Harvey Wright (2003-0025183) v. John Doe, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. This action is dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim. The court orders the trust fund officer at Cook County Jail to deduct $ 4.16 from plaintiff's account for payment to the clerk of court as an initial partial filing fee and to make further deductions as stated below. The clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Il. 60608. This is one of plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]      Docketing to mail notices.

## STATEMENT

Plaintiff, Harvey Wright, an inmate at the Cook County Department of Corrections, brings this *pro se* complaint pursuant to 42 U.S.C. §1983. The court finds that Wright is unable to prepay the filing fee. The court grants Wright's motion for leave to proceed *in forma pauperis* and assesses an initial partial filing fee of $ 4.16 pursuant to 28 U.S.C. §1915(b)(1). The supervisor of inmate trust accounts at the Cook County Jail is authorized to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer is authorized to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number assigned to this action. The Cook County Jail inmate trust account office shall notify state correctional authorities of any outstanding balance in the event plaintiff is transferred from the Jail to a state correctional facility.

*Charles Norgle*

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

## STATEMENT

Wright alleges that Superintendent Snooks orders random shakedowns where he has the inmates get naked and then degrades them. He orders the inmates' property to be ransacked, and items such as personal and legal mail and food are missing. Wright and other inmates are continually called names, such as bitch and whore, and their family members are also insulted. Superintendent Snooks constantly threatens to use tear gas on the inmates and puts them into provoking situations. Wright claims that he is constantly stressed out about losing his legal work because he is fighting for his life and that he and the other inmates are constantly on edge and frustrated because of Superintendent Snooks's conduct, who is usually intoxicated when he displays this behavior. Wright seeks money damages for all the stress, abuse, and danger he endures.

The Prison Litigation Reform Act bars prisoners from bringing a "[f]ederal civil action . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Wright has not pleaded a physical injury as a result of Superintendent Snooks's behavior and therefore has failed to state a claim for damages. *See Zehner v. Trigg*, 133 F.3d 459, 461 (7th Cir. 1997) (no recovery of damages under § 1997e(e) where plaintiffs exposed to asbestos did not claim physical injury).

Moreover, the Constitution does not mandate privacy in jail settings, see *Johnson v. Phelan*, 69 F.3d 144 (7th Cir. 1995) (no privacy rights within a prison), nor does it protect against foul language, *see Haslam v. Page*, 2005 WL 2100073 *3 (S.D. Ind.), citing *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987) (derogatory remarks do not constitute a constitutional violation).

A loss of property, such as alleged here, does not constitute a deprivation of property without due process of law in violation of the Fourteenth Amendment if the government provides an adequate postdeprivation remedy for the loss. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981). Illinois, in fact, provides a remedy for the tort of conversion. See 705 ILCS 505/8(d); *Clark v. Stahl*, 2000 WL 631306 (N.D. Ill.); *Heimberger v. Village of Chebanse*, 124 Ill.App.3d. 310 (1984). Therefore, any § 1983 claim regarding the loss of Wright's property cannot stand. *See Bullock v. Barham*, 957 F.Supp. 154, 157 (N.D. Ill.1997); *Slaughter v. Anderson*, 673 F.Supp. 929, 930 (N.D. Ill.1987).

The loss of legal papers and documents that results in a delay or interruption in pending or contemplated litigation may indicate a constitutional deprivation. *Gregory v. Nunn*, 895 F.2d 413 (7th Cir. 1990). However, in order to state a claim, a prisoner must demonstrate that the deprivation he suffered hindered his efforts to pursue a legal claim and resulted in actual injury. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (an injury exists, for example, where inadequacies at the law library might cause a plaintiff's complaint to be dismissed for failure to satisfy some technical requirement, or where he was unable even to file a complaint). *See also Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004). Wright has not alleged any such actual injury.

This suit is accordingly dismissed for failure to state a claim upon which relief may be granted. Wright is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).